UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY NED,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>B. W. PLUMLEY,<br><br>　　　　Respondent. | Case No. 1:18-cv-00752-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT GRANT RESPONDENT'S UNOPPOSED MOTION TO DISMISS<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 10 |

Petitioner Jeremy Ned, a federal prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Respondent moves to dismiss the petition, arguing that this court lacks jurisdiction and that petitioner's habeas claims lack merit. ECF No. 10. Months have passed since the filing of respondent's motion to dismiss, and petitioner has not responded.

Petitioner raises due process claims, challenging procedural aspects of a disciplinary hearing held at his institution of confinement. In response to petitioner's grievance, the Federal Bureau of Prisons ("BOP") has remanded petitioner's case and granted a new disciplinary hearing. Any procedural defects from petitioner's first disciplinary hearing have been rendered moot, and this court lacks jurisdiction to consider the petition. The court should therefore grant respondent's motion to dismiss.

I.  **Background**[1]

In August 2017, prison officials found that petitioner had attempted to introduce illicit drugs

---

[1] We draw the following facts from the petition and its exhibits. *See* ECF No. 1.

1

into his prison. Petitioner appealed through BOP's administrative procedure. In March 2018, BOP notified petitioner that the August 2017 decision had been reversed and remanded. BOP also ordered a new hearing for petitioner.

## II. Discussion

A federal court has an independent duty to examine its jurisdiction. *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1036 (9th Cir. 2013). Discharging that duty requires the court to ensure that an actual controversy exists at every stage of litigation. *See Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 903 F.3d 829, 838 (9th Cir. 2018). An actual controversy cannot exist when the case has become moot. *See M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842, 857 (9th Cir. 2014). A habeas case becomes moot when the challenged violation is conclusively resolved. *See Kittel v. Thomas*, 620 F.3d 949, 951 (9th Cir. 2010); *Abbott v. Fed. Bureau of Prisons*, 771 F.3d 512, 513 (9th Cir. 2014) (reasoning that habeas claim had been rendered moot by relief granted by BOP).

Here, petitioner raises due process claims, arguing that he received his incident report too late and that he was denied the opportunity to present witness testimony and other evidence that—according to petitioner—favored him. *See* ECF No. 1 at 3-4, 8-10. All due process violations occurred before or during the disciplinary hearing in 2017. *See id*. at 3-4. BOP remanded petitioner's case for a new hearing in response to petitioner's grievance, and the remand cured any procedural defects that might have occurred during the first hearing. *See* ECF No. 10-3 at 2-3; *Lynch v. Banks*, No. 09-cv-2133, 2010 WL 1642979, at *2 (C.D. Cal. Mar. 2, 2010), *report and recommendation adopted*, 2010 WL 1642913 (C.D. Cal. Apr. 18, 2010) ("Petitioner's complaints about the first disciplinary hearing are moot as a result of the fact that Petitioner was given a second hearing after he complained about the first."). Petitioner does not argue that the same due process violations occurred during his new disciplinary hearing.[2] Because the case is moot, the court need not reach the merits of petitioner's claims. Petitioner is in federal custody and seeks

---
[2] If the new hearing has not yet taken place, it would be premature to find that any due process violation has occurred or that petitioner has lost good conduct time. In addition, petitioner has not shown that any delay in holding a new hearing would result in any prejudice to petitioner.

habeas relief under 28 U.S.C. § 2241, so the court need not consider whether to issue a certificate` of appealability. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008).

**III. Findings and recommendations**

The court should grant respondent's motion to dismiss, ECF No. 10, and dismiss this case for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, these findings and recommendations are submitted to the United States District Court Judge presiding over this case. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:  January 16, 2019

UNITED STATES MAGISTRATE JUDGE